(Reap. Dec. 9274)

NORTH AMERICAN PLYWOOD CORP. ET AL. v. UNITED STATES

Entry No. 708133, etc.

(Decided December 18, 1958)

*Siegel, Mandell & Davidson* for the plaintiffs.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

MOLLISON, Judge: Counsel for the parties have stipulated and agreed in these cases as follows:

IT IS HEREBY STIPULATED AND AGREED by and between the respective parties hereto that the merchandise involved in the Appeals to Reappraisement enumerated on the schedule attached hereto and made a part hereof consists of plywood exported from Finland in the years 1955 and 1956 and that the merchandise is properly dutiable on the basis of the foreign market value as defined in Section 402 (c) of the Tariff Act of 1930, as amended.

IT IS FURTHER STIPULATED AND AGREED that the market value or the price at the time of exportation of such merchandise to the United States at which such or similar merchandise was freely offered for sale to all purchasers

in the principal markets of the country from which exported in the usual wholesale quantity and in the ordinary course of trade for home consumption including costs of containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise ready for shipment to the United States was the appraised unit values less 4% packed.

IT IS FURTHER STIPULATED AND AGREED that there was no higher export value for merchandise such or similar to the merchandise herein at the time of exportation thereof and that the stipulation is limited to the invoices where the merchandise was advanced in value and appraised on the basis of the home market value; that with respect to invoices embraced in such appeals where appraisement was made on the basis of the entered invoice unit values said appeals are herewith abandoned with respect to such invoices.

IT IS FURTHER STIPULATED AND AGREED that the Appeals to Reappraisement referred to herein may be submitted on this stipulation.

Upon the agreed facts, I find that foreign value, as defined in section 402 (c) of the Tariff Act of 1930, as amended, is the proper basis of valuation for the merchandise involved in the appeals for reappraisement enumerated in the schedule attached to this decision, and that such value in each case was the appraised value, less 4 per centum, packed.

Judgment will issue accordingly.